W. E. GATES v. JOHNSON COUNTY.

1. The binding force of the Reconstruction Laws has been recognized by repeated decisions of this court, and also by the Supreme Court of the United States.

2. It is judicially known to this court that in 1869 the government of the State of Texas was administered by military authority under the Reconstruction Acts of Congress; and that the orders of the commander of the 5th Military District had the force and effect of law.

3. The jailer of M. county sued the county of J. for the maintenance of certain prisoners in 1869, who were charged with the commission of crimes

in the latter county, and who, by order of the military officer then commanding the two counties, were committed to the jail of M. county for safe keeping. The defendant excepted, because the petition neither alleged that the prisoners were committed to the jail of M. county by any warrant issued by a competent court or magistrate of J. county, nor specified the offenses for which they were detained. *Held*, that these exceptions were frivolous, and it was error to sustain them. The military authority and orders, in force in 1869, were sufficient warrant for the plaintiff; and as the exceptions admit the truth of his allegations, the judgment of the District Court is reversed, and judgment for the plaintiff is rendered by this court.

ERROR from Johnson. Tried below before the Hon. Charles Soward.

The facts are indicated in the opinion. The case cited in the opinion as Grant *v.* Law is believed to be the same as Grant *v.* Chambers, reported in 34 Texas.

*Griffin & Wynne*, for the appellant.

*A. Bradshaw*, for the appellee.

WALKER, J. This court has hitherto recognized the binding force of the acts of Congress passed on the 2d of March and 19th of July, 1867, known as the Reconstruction Acts. (See Johnson *v.* The State, 33 Texas 578, and the subsequent case of Grant *v.* Law [Opinion unpublished]; the State *v.* White & Chiles, 25 Texas Sup., 666.)

This latter case also recognizes the validity of the reconstruction acts, by the Supreme Court of United States; but the Police Court and the District Court of Johnson county have held a different doctrine in the case at bar.

It is assigned as error, that the court below sustained the first and second exceptions to the plaintiff's petition. The exceptions were frivolous, and ought not to have been sustained. The facts are admitted by the demurrer, and the plaintiff was entitled to judgment for the whole amount of his demand, with interest at the rate of 8 per cent. per annum, in dollars and cents, but not in gold or silver coin.

10

The facts of the case so far as necessary to be noticed are substantially as follows. Certain prisoners accused of crimes committed in Johnson county during the military government were ordered by the military commander to be confined in the prison at Waco in McLennan county, and were placed in charge of the plaintiff, W. E. Gates, who avers that he was the lawful jailer of said county; that he kept, boarded, and waited on certain prisoners named, and for certain terms specified in his petition, and that he did this by order of the military commander.

It is judicially known to this court that at the time referred to in the petition, the government of the State of Texas was administered under the reconstruction laws, by the military authority; and that the orders from time to time issued by the military commander of the 5th District had the force and validity of law; and, under the orders and regulations in force at the time the plaintiff's demand accrued, each county was liable to the officers of any county to which prisoners were conveyed for safe custody, for the support and maintenance of such prisoners, they having committed crime or being accused of crime in the county from which they were brought.

The facts, then, being admitted by the pleadings, that the persons named in the petition as prisoners were accused of crime committed in Johnson county, and from that county were brought to the county of McLennan, by military order, and were there kept and supported by the plaintiff, entitle him to a recovery. These facts being admitted by the pleadings, the plaintiff, who is the appellant in this court, will have his judgment as herein already indicated.

Reversed and rendered.